IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| AVENTIS PHARMACEUTICALS INC. | § | |
| Vs. | § | CIVIL ACTION NO. 2:06-CV-469 |
| TEVA PHARMACEUTICALS USA INC., ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

The court grants the motion to transfer venue (#26) based on first-filed principles. The court is persuaded that the issues in this case will overlap with those currently pending in the United States District Court for the District of New Jersey. As a result, principles of comity require the court to transfer this case to that court for such consolidation, or other disposition, as that court determines is appropriate.

By way of background, Aventis Pharmaceuticals Inc. ("Aventis") has filed twenty-two (22) separate patent infringement suits in New Jersey District Court against Teva Pharmaceuticals USA Inc. ("Teva"), Barr Laboratories, Inc. ("Barr"), and six other defendants relating to the pharmaceutical compound fexofenadine. The suits were initiated when the defendants sought approval to market a generic version of Aventis's Allegra® product, the active ingredient of which is fexofenadine hydrochloride. The patents-in-suit in New Jersey cover a wide variety of fexofenadine claims, relating to methods of administering fexofenadine, dosage forms of fexofenadine hydrochloride, and processes for chemically synthesizing fexofenadine. The Honorable Joseph A. Greenaway presides over these coordinated actions.

Judge Greenaway has issued several significant rulings in the coordinated fexofenadine cases. Some of these rulings have been adverse to Aventis. One such ruling was the denial of Aventis's motion for preliminary injunction to stop the sale of the fexofenadine products. The Federal Circuit affirmed the decision to deny a preliminary injunction on November 8, 2006.

In addition to the patents asserted in New Jersey, Aventis owns at least two additional patents related to fexofenadine. These two patents claim particular crystalline forms (referred to as polymorphs) of fexofenadine hydrochloride, called "Form I" and "Form II." Less than a week after the Federal Circuit affirmed Judge Greenaway's denial of Aventis's motion for preliminary injunction, Aventis filed this suit against Teva and Barr, claiming infringement of the two polymorph patents. Although Aventis maintains that these patents cover different inventions than the patents at issue before Judge Greenaway, Aventis does not dispute that the products accused of infringement here are the same products accused in New Jersey.

In response to this case, Teva and Barr filed mirror-image declaratory judgment actions in New Jersey. Faced with these declaratory judgment suits (which admittedly were filed after Aventis filed this case), Judge Greenaway held a short status conference and informed the parties that he would take no action on the mirror-image declaratory judgment suits until after this court had decided whether to transfer or dismiss the present case.[1] The court now turns to that task.

Teva and Barr submit that this court should transfer this case pursuant to first-to-file principles. They urge that the coordinated actions in New Jersey are the first-filed cases involving

---

[1] Judge Greenaway's status conference on these issues was unreported. Aventis's counsel, however, sent a letter shortly thereafter which reported that "[d]uring the teleconference today, Judge Greenaway made it clear that he will take no action on Barr and Teva's New Jersey declaratory judgment actions until matters are decided by Judge Ward in Texas."

these parties and their dispute over the fexofenadine patents. In this circuit, the first-to-file rule provides that "the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997). The question presented is whether there is a likelihood that the second-filed action might substantially overlap with the first action. *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971).

Aventis contends that this case involves its polymorph patents and that these patents protect distinct inventions from those involved in the New Jersey actions. Although Aventis may be correct that the inventions claimed in the polymorph patents are distinct from those involved in the coordinated New Jersey suits, the court rejects the suggestion that the cases will not substantially overlap. The same parties are involved here as in the coordinated New Jersey actions. The same theory of inducement is alleged. Moreover, the identical product (the generic version of Aventis's product) is accused of infringement in both this case and the coordinated actions in New Jersey. Although the patents asserted in this case involve distinct inventions relating to polymorphs of fexofenadine hydrochloride, Judge Greenaway has extensive familiarity with the parties to this case, the accused product, the theories of infringement, and prior art references potentially (if not actually) relevant to the issues in this case. Given the timing of this lawsuit, the court agrees with the defendants' assertion that "Aventis has asserted the polymorph patents in a different forum not because they present different issues involving different technology, but rather because they present the very same issues it previously (and unsuccessfully) presented to Judge Greenaway." In short, it appears that Aventis filed suit in this forum because it was disappointed with Judge Greenaway's ruling on the motion for preliminary injunction.

The court rejects the plaintiff's reliance on *Cummins-Allison Corp. v. Glory Ltd.*, 2004 WL 1635534 (E.D. Tex. 2004). In that case, the plaintiff attempted to assert certain additional patents in an earlier-filed Illinois proceeding. The defendant opposed that request, and the judge refused to allow the introduction of the patents to the Illinois case. Then, the plaintiff filed suit in this court, and the defendant sought to transfer it to Illinois. This court observed that the plaintiff had previously attempted to assert the patents in the Illinois case and concluded that transferring the case to Illinois would not result in any significant efficiencies. Likewise, keeping the case in Texas would not result in any sufficient inefficiencies. *Cummins-Allison*, at *3.

Putting aside the fact that the plaintiff in *Cummins-Allison* had first attempted to join the additional patents in the first lawsuit, this court believes that substantial inefficiencies would result by keeping this case in Texas. Judge Greenaway has considerable familiarity with the parties, the issues, and the accused product. Because it appears to this court that the issues in the present case will substantially overlap with those in the New Jersey cases, this court concludes that the case should be transferred to New Jersey for such consolidation, or coordination, as that court determines is appropriate.

The court grants the defendants' motion to transfer venue (#26). The court denies Barr Pharmaceutical's motion to dismiss for lack of personal jurisdiction (#21) as moot. Barr Pharmaceuticals has its principal place of business in New Jersey, the location of the transferee court, and the transfer cures any defect in personal jurisdiction. *See* 28 U.S.C. § 1406. The court also denies as moot Teva's motion for extension of time to answer (#15). Subsequent to the filing of the motion for extension of time, Teva filed, and the court granted, an amended motion for extension of time. *See* Order dated December 11, 2006 (#22).

SIGNED this 27th day of September, 2007.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE